UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN BELL,
    Plaintiff,

v.                            Case No.:  3:24cv165/MCR/ZCB

TAKAYLA VANDERHALL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Takayla Vanderhall, proceeding *pro se*, removed this eviction action from state court on April 18, 2024 (Doc. 1). In the notice of removal, Defendant cited 28 U.S.C. § 1331, federal question jurisdiction, as the basis for federal subject matter jurisdiction. (*Id.* at 2, 4). But the complaint Plaintiff filed in state court raises no federal claims, cites no federal statutes, and relies on no federal rules. Therefore, on April 24, 2024, the Court ordered Defendant to show cause, within fourteen days, why this case should not be remanded to state court for lack of federal subject matter jurisdiction. (Doc. 4). That deadline has passed, and Defendant has not responded. Because the Court lacks federal subject matter jurisdiction and removal was improper, this matter should be remanded to state court.

1

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005); *see also Kemp v. IBM*, 109 F.3d 708, 712 (11th Cir. 1997) ("If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court."). "Federal question jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Similarly, federal question jurisdiction cannot be predicated "upon an actual or anticipated counterclaim." *Id.*

When a party removes an action from state court to federal court, the removing party bears the burden of establishing the federal subject matter jurisdiction, and doubts are generally resolved in favor of remand.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Having reviewed Plaintiff's complaint that was filed in state court, it provides no basis for federal subject matter jurisdiction. Plaintiff does not reference federal law in the complaint. Rather, Plaintiff's complaint seeks to evict Defendant under Florida law for failure to pay rent. (*See* Doc. 1 at 10, 12). Thus, under the well-pleaded complaint rule, this action does not present a federal question.

Defendant's notice of removal contains her one-page "Answer" to the complaint, which states, *inter alia,* "I feel as though I was racially profiled by the owners when they would come view the property. Owner once let himself in without permission . . . I was always talked to in a disrespectful manner when we came in contact . . ." (*Id.* at 21). Defendant asserts she is removing the case to this Court under 28 U.S.C. § 1331 because "Defendant is a member of a protected class of whom the . . . Civil Rights Act of 1968 was created." (*Id.* at 2). But Defendant's mere reference to the Civil Rights Act of 1968—a federal statute—is

3

insufficient to invoke this Court's federal subject matter jurisdiction over Plaintiff's case. Even if Defendant's answer had properly raised an affirmative defense or counterclaim under federal law, this Court would still lack federal question jurisdiction and removal would be improper. *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) (explaining that "an anticipated or actual federal defense generally does not qualify a case for removal").

Based on the information in the record and the applicable law, this Court lacks federal question jurisdiction. Thus, remand to state court is appropriate under 28 U.S.C. § 1447(c). *See Kondaur Cap. v. Soler*, No. 20-14263, 2023 WL 356018, at *2 (11th Cir. Jan. 23, 2023) (affirming the remand of a case because there "is no indication that" the lawsuit "arose under federal law"); *see also Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1280 (S.D. Fla. 2020) (remanding because the state court complaint provided no basis for federal question jurisdiction).

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The Clerk of Court be directed to (a) **REMAND** this case to the County Court in and for Escambia County under 28

U.S.C. § 1447(c), and (b) mail a certified copy of this order to the clerk of that court.

2. All pending motions be **DENIED as moot**.

3. This matter be closed.

At Pensacola, Florida, this 20th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.